b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRIDGETTE GUILLORY, Plaintiff | CIVIL DOCKET NO. 1:23-CV-00065 |
| VERSUS | CHIEF DISTRICT JUDGE DOUGHTY |
| STATE FARM FIRE & CASUALTY CO., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendant State Farm Fire & Casualty Co. ("State Farm"). ECF No. 14.

Because State Farm did not raise the issue of Plaintiff's failure to make initial disclosures during the SSP, and has not otherwise carried its burden of proof under Rule 37, its Motion to Dismiss (ECF No. 14) should be DENIED. Plaintiff's Motion for Leave to File a Sur-Reply (ECF No. 20) should also be DENIED AS MOOT.

I. Background

Plaintiff Bridgette Guillory ("Guillory") filed this lawsuit on August 25, 2022, in the Ninth Judicial District Court, Rapides Parish, Louisiana, against her homeowner's insurer, State Farm. ECF No. 1-2 at 5. Guillory claims her home was damaged by Hurricane Laura. ECF No. 1-2 at 5. She asserts that she promptly reported the claim to State Farm. She further asserts that an adjuster was never

sent to inspect or investigate the loss, and that State Farm did not create a claim number for her claim.

Guillory seeks monetary damages for: property damage; loss of use; living expenses; contents; recoverable depreciation; remediation; mental anguish; penalties; attorney's fees; and damages for bad faith. State Farm removed, asserting diversity jurisdiction. ECF No. 1.

The Court entered a Case Management Order ("CMO") implementing the streamlined settlement process ("SSP"). ECF No. 2. After an unsuccessful mediation attempt, the SSP Special Master filed a Certificate of Compliance to show the parties had complied with the SSP and the case should proceed to litigation. ECF No. 12.

Guillory filed a Motion for Partial Summary Judgment (ECF No. 22), which was denied by the Court. ECF No. 38. The Court found there are genuine issues of material fact as to whether Guillory timely notified State Farm of her claim, and whether State Farm investigated Guillory's claim after receiving proof of loss. ECF No. 38.

State Farm filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b), asserting the lawsuit should be dismissed because Plaintiff failed to comply with the Court's CMO for pretrial disclosures, settlement, and mediation. ECF No. 14. Guillory opposes. ECF No. 18.

II. **Law and Analysis**

    A. **State Farm claims Guillory failed to comply with the CMO.**

State Farm was served on September 16, 2022, and answered on October 13, 2022. ECF No. 14 at 1; No. 1-3 at 1.

On October 5, 2022, State Farm sent correspondence to Guillory's attorney, requesting information about the claim (ECF No. 1-4), but did not receive a response. On October 12, 2022, State Farm sent Guillory written requests for admission. ECF No. 1-4. On November 30, 2022, State Farm emailed Guillory's attorney concerning the lack of response to the requests for admission, and noting the phone conference on December 5, 2022. ECF No. 1-5. On December 5, Guillory's attorney failed to participate in a phone conference. ECF No. 1-6.

State Farm filed a Motion to Compel responses to discovery in state court on December 13, 2022. ECF No. 1-7. On December 19, 2022, Guillory's attorney emailed a response to State Farm's requests for admission, admitting Plaintiff's claim was for at least $75,000. ECF No. 1-9. Thus, State Farm removed in January 2023. ECF No. 1.

The Court's CMO and SSP provide for expedited discovery and streamlined settlement conference and mediation protocols. ECF No. 2. The initial disclosures from both parties were due 45 days from the date State Farm's responsive pleadings were filed. ECF No. 2 at 2. Formal discovery was stayed. ECF No. 2 at 2.

State Farm then produced initial disclosures on March 15, 2023. Counsel for State Farm emailed Guillory's attorney, requesting initial disclosures, on March 23,

3

2023, March 30, 2023, April 13, 2023, May 10, 2023, and June 28, 2023.  ECF Nos. 14-9, 14-10, 14-13, 14-14.

Mediation was set in September 2023.  On September 5, 2023, State Farm received a notice that Guillory's attorney was unavailable due to a medical issue and would not be able to attend the upcoming mediation.  ECF No. 14-15.  The mediation was rescheduled for October 27, 2023.  ECF No. 14-16.

State Farm asserts that, on October 27, 2023, State Farm's counsel and adjuster appeared for mediation with limited authority to settle.  One of Guillory's attorneys appeared in person at the mediation, while Guillory and another of her attorneys appear appeared by Zoom.  Guillory still had not submitted her initial disclosures, proof of loss, or a formal demand.  She made a verbal monetary demand, which included penalties and attorney's fees.  The case did not settle.  ECF No. 14-1 at 3.

The Special Master then certified that the parties had complied with the SSP and the case should proceed to formal litigation.  ECF No. 12.  Discovery has taken place, and motions have been filed.

State Farm seeks dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the CMO.  State Farm also cites Guillory's untimely response to its requests for admissions in state court.

      B.      <u>**State Farm effectively seeks dismissal as a discovery sanction under Rule 37.**</u>

4

The United States Supreme Court has held that Rule 37 – not Rule 41 – applies to dismissals for alleged discovery abuses:

> [W]hether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery by listing a variety of remedies which a court may employ as well as by authorizing any order which is 'just.' There is no need to resort to Rule 41(b), which appears in that part of the Rules concerned with trials and which lacks such specific references to discovery.  Further, that Rule is on its face appropriate only as a defendant's remedy, while Rule 37 provides more expansive coverage by comprehending disobedience of production orders by any party. Reliance upon Rule 41, which cannot easily be interpreted to afford a court more expansive powers than does Rule 37, or upon 'inherent power,' can only obscure analysis of the problem before us.

*Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 207 (1958) (citing Rosenberg, *Sanctions to Effectuate Pretrial Discovery*, 58 Col. L. Rev. 480 (1958)); see also *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.,* 2 F.3d 1397, 1407 n. 20 (5th Cir. 1993) *cert. den.,* 510 U.S. 1073 (1994); *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1033 n. 2 (5th Cir. 1990); *Lang v. DirecTV, Inc.*, 2012 WL 733866, at *3 (E.D. La. 2012) ("[A]although a court has 'inherent power' to dismiss an action, the Supreme Court has determined that dismissal for failure to comply with a discovery order lies exclusively in Rule 37, rather than in Rule 41(b). . . "); *Barbarin v. Goodwill Industries Sela, Inc.,* 2007 WL 1655746, at *2 (E.D. La. 2007).

"Rule 37 provides a proper basis for dismissal even without an express discussion of lesser sanctions by the lower court."  *Yazdchi v. American Honda Finance*

*Corporation.*, 217 Fed. Appx. 299, 302 (5th Cir. 2007) (citing *Batson v. Neal Spelce Associates,* 765 F.2d 511, 516 (5th Cir. 1985)). "Although the district court's discretion under Rule 37 is broad, . . . it is not unlimited . . . and a dismissal with prejudice [is] a 'draconian' remedy, or a 'remedy of last resort' only to be applied in extreme circumstances." *Batson*, 765 F.2d at 515; *see also F.D.I.C. v. Conner,* 20 F.3d 1376, 1380 (5th Cir. 1994).[1]

The test for sanctions under Rule 37 was set forth by the Supreme Court in *Rogers,* 357 U.S. at 197, as discussed in *Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858, 860-61 (5th Cir. 1970):

---

[1] Contrary to the holding in *Rogers,* the Fifth Circuit has approved dismissal pursuant to Rule 41(b) for failure to comply with a court order in the context of discovery abuse. However, it has cautioned that district courts dismissing an action with prejudice under Rule 41(b) must make express findings concerning whether less drastic sanctions would serve the purposes of the rule. *See Yazdchi*, 217 Fed. Appx. at 302; see also *Coane,* 898 F.2d at 1033 n. 2; *Batson,* 765 F.2d at 516 n. 2. These cases actually relied on Rule 37, rather than Rule 41.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). *See Raymond v. University of Houston*, 275 Fed. Appx. 448, 449 (5th Cir. 2008). A dismissal with prejudice for failure to prosecute is appropriate "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court expressly determines that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court has already employed lesser sanctions that proved to be futile." *Raymond*, 275 Fed. Appx. at 449 (citing *Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992)). At least one of three aggravating factors is usually present: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

Although State Farm contends that non-compliance with a CMO can be dealt with under Rule 41, the portion of the CMO at issue concerns discovery. Rule 37 applies.

> The sanctions available under Rule 37(b) for such conduct are predicated upon the presence of such factors as willful disobedience, gross indifference to the right of the adverse party, deliberate callousness, or gross negligence. The sanctions are not predicated upon a party's failure to satisfy fully the requirements of a production order when the failure "was due to inability fostered neither by its own conduct nor by circumstances within its control." *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 1958, 357 U.S. 197, 211, 78 S. Ct. 1087, 1095, 2 L.Ed.2d 1255, 1266.
>
> (The Rule) should not be construed to authorize dismissal * * * because of * * * noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner. 357 U.S. at 212, 78 S. Ct. at 1096.
>
> The rule is designed to empower the court to compel production of evidence by the imposition of reasonable sanctions. The court, however, should not go beyond the necessities of the situation to foreclose the merits of controversies as punishment for general misbehavior. B. F. Goodrich Tire Co. v. Lyster, 5 Cir. 1964, 328 F.2d 411; see 4 J. Moore, Federal Practice § 37.03 (1969).' 423 F.2d at 860-61.

*See also Anderson v. Nosser*, 438 F.2d 183, 202–04 (5th Cir. 1971), *modified in other part,* 456 F.2d 835 (5th Cir. 1972), *cert. den.*, 409 U.S. 848 (1972).[2]

"Rule 37 should not be construed to authorize dismissal of [a] complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to

---

[2] "The provisions of Rule 37 . . . must be read in light of the provisions of the Fifth Amendment that no person shall be deprived of property without due process of law . . . ." *Rogers,* 357 U.S. at 208; *see also John v. State of Louisiana*, 899 F.2d 1441, 1447 (5th Cir. 1990). "[T]here are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." *Rogers,* 357 U.S. at 209.

willfulness, bad faith, or any fault of petitioner." *Rogers,* 357 U.S. at 212; *see also Anderson*, 438 F.2d at 202–04. Moreover, "[b]ecause a dismissal with prejudice punishes the party bringing the suit, that sanction may issue under Rule 37(b)(2) only if 'the violation of the discovery order [was] attributable to the client instead of the attorney.'" *Johnson v. Jones*, 794 Fed. Appx. 400, 402 (5th Cir. 2019) (quoting *Conner*, 20 F.3d at 1380). Rule 37(b)(2) does not support a dismissal with prejudice when the court cannot determine whether the client was responsible for any of the discovery disputes. *See id.*; *see also Oprex Surgery (Baytown), L.P. v. Sonic Automotive Employee Welfare Benefit Plan*, 704 Fed. Appx. 376, 381 (5th Cir. 2017).

"For purposes of subdivision (b)(2) of Rule 37, . . . a party 'refuses to obey' simply by failing to comply with an order." *Rogers,* 357 U.S. at 208. "When a petitioner does not comply with a production order, his reasons, and his willfulness or good faith do not affect the fact of noncompliance and are relevant only to the path which the District Court might follow in dealing with petitioner's failure to comply." *Rogers,* 357 U.S. at 208.

    C.    <u>State Farm's motion is untimely and without merit.</u>

State Farm alleges that Guillory failed to comply with the initial disclosure requirement in the CMO. However, this argument contradicts: (1) the parties' stipulation of compliance with the first stage of the CMO (which included initial

disclosures) to the Special Master when they requested a mediation[3]; and (2) the Special Master's post-mediation certification to the Court that the parties had fully complied with the SSP and could proceed to litigation. ECF No. 12. State Farm contends it informed – or misinformed – the Special Master that the first stage of the SSP had been satisfied because the case was "stagnating" and State Farm wanted the case "moved out" of the SSP. ECF No. 19 at 1.

But now, after formal litigation has begun, State Farm argues it went into the mediation with very little information about Guillory's claim. Yet State Farm failed to raise the issue of Guillory's noncompliance with the CMO to the Special Master (or the Court) *before* the mediation.[4] And now, in formal litigation – where State Farm apparently wanted to be – the parties have exchanged discovery.

The SSP is concluded. The Special Master certified the parties' compliance with that process (ECF No. 12) so the parties could proceed with this litigation and formal discovery, which has begun.[5] State Farm's complaints about what the

---

[3] CMO: Second Stage: Mediation, A. Scheduling of Mediation. The parties shall provide the Special Master written notice (including by email and preferably jointly) of completion of the First Stage along with a request for mediation. ECF No. 2 at 4.

[4] The CMO states in Section 4: "I. The Special Master. The Special Master shall administer, coordinate, and preside over the SSP. This authority includes the power to order parties and/or party representatives with full power of settlement to submit briefing, engage in limited discovery, and attend settlement conferences and/or meetings." ECF No. 2 at 7.

[5] The CMO states in Section 3: "IV. Stay of Proceedings/Discovery. Except for the disclosures pursuant to the Disaster Protocols, there shall be no formal discovery for any of the Hurricane Cases during the SSP. During the entirety of the SSP, all pretrial matters, discovery, and related activity shall be stayed for cases subject to this Order unless and until the Special

Plaintiff did not do during the SSP–complaints that were not timely raised *during the SSP*–do not form a valid basis for dismissal at this point.[6]

It is also worth noting that State Farm has not established under Rule 37 that Guillory, and not her attorney, was at fault for her failure or delay in producing initial disclosures. Nor has State Farm alleged or shown the failure or delay was due to Guillory's willfulness, bad faith, or fault, rather than inability.

Therefore, State Farm's Motion to Dismiss (ECF No. 14) for Guillory's failure to comply with the initial disclosure requirements of the SSP should be denied.

## III.  Conclusion

Based on the foregoing, IT IS RECOMMENDED that State Farm's Motion to Dismiss (ECF No. 14) be DENIED.

IT IS RECOMMENDED that Guillory's Motion for Leave to File a Sur-Reply (ECF No. 20) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar

---

Master certifies that the parties for a particular Hurricane Case have complied with the requirements of the Streamlined Settlement Process." ECF No. 2 at 6.

[6] State Farm contends the Court dismissed another case, *Bellard v. United National Insurance Co.*, No. 2:22-cv-05868 (W.D. La.), on similar facts. In *Bellard*, the defendant raised the issue of the plaintiff's failure to provide initial disclosures with the Special Master during the SSP, before the mediation took place. Defendant then filed a Motion to Dismiss during the SSP. The plaintiff did not respond to the motion, and the case was dismissed for failure to prosecute. Unlike this case, the parties in *Bellard* did not misrepresent to the Special Master that the case was ready for mediation, and the case did not proceed beyond the SSP stage. Therefore, *Bellard* is not apposite or controlling here.

days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __3rd__ day of July 2024.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

11