UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**BRIDGETTE GUILLORY**                        **CASE NO. 1:23-CV-00065**

**VERSUS**                                    **JUDGE TERRY A. DOUGHTY**

**STATE FARM FIRE & CASUALTY CO**             **MAGISTRATE JUDGE PEREZ-MONTES**

## MEMORANDUM RULING

Pending before the Court is Motion for Partial Summary Judgment [Doc. No. 41] filed by Defendant, State Farm Fire & Casualty Co. ("State Farm"). Plaintiff, Bridgette Guillory ("Guillory") filed an Opposition to State Farm's Motion [Doc. No. 48], and State Farm filed a Reply [Doc. No. 49].

For the reasons set forth below, the Motion is GRANTED.

### I.   FACTS AND PROCEDURAL BACKGROUND

The facts of this case have been briefed extensively in the record [Doc. Nos. 38, 39], so the Court will only highlight the most salient facts here.

This case arises from an insurance claim for damages related to Hurricane Laura.[1] Guillory owns residential property in Alexandria, Louisiana, and State Farm issued an insurance policy to Guillory for this property.[2] The parties agree that on August 27, 2020, Hurricane Laura made landfall and allegedly damaged Guillory's home.[3] The parties dispute the events following Hurricane Laura. Guillory contends that she notified State Farm of her property damage before filing a lawsuit.[4] State Farm disagrees.[5]

---

[1] [Doc. No. 1].
[2] [Doc. No. 22-1, ¶ 1-3]; [Doc. No. 27, ¶ 1].
[3] [Doc. No. 22-1, ¶ 6]; [Doc. No. 27, ¶ 2].
[4] [Doc. No. 22-1, ¶ 7-9].
[5] [Doc. No. 27, ¶ 5.1, 32].

Two years after Hurricane Laura, Guillory sued State Farm in the 9th Judicial District Court, Parish of Rapides, State of Louisiana.[6] The case was properly removed to this Court on January 17, 2023, on the basis of diversity.[7] Guillory claimed that State Farm failed to timely and meaningfully investigate Guillory's notice of storm damage, a violation of Louisiana Revised Statutes §22:1982 and §22:1973, entitling Guillory to statutory penalties.[8]

On March 15, 2023, State Farm produced its initial discovery disclosures, including Guillory's claim file.[9] State Farm requested Guillory's initial disclosures on March 23, 2023, and again on March 30, 2023.[10] On April 13, 2023, State Farm advised Guillory's counsel that Guillory failed to provide initial disclosures pursuant to the CMO.[11] The CMO further required parties to provide disclosures, a settlement demand, and information regarding alleged damages before a mediation.[12] A mediation was set for September 7, 2023.[13] A Notice of Mediation was issued on May 10, 2023, and State Farm e-mailed Guillory's counsel for the initial disclosures that same day.[14] On June 28, 2023, State Farm requested a status on Guillory's discovery disclosures.[15] Guillory's counsel cancelled the mediation on September 5, 2023, and the mediation was reset for October 27, 2023.[16] Guillory did not provide any of the required information to State Farm before this mediation.[17]

---

[6] [Doc. No. 1-2].
[7] [Doc. No. 1]; [Doc. No. 27, ¶ 8].
[8] [Doc. No. 1].
[9] [Doc. No. 27, ¶ 10].
[10] [*Id.*, ¶ 11-12].
[11] [*Id.*, ¶ 13].
[12] [*Id.*, ¶ 22].
[13] [*Id.*, ¶ 15].
[14] [*Id.*, ¶ 15-16].
[15] [*Id.*, ¶ 17].
[16] [*Id.*, ¶ 18-19].
[17] [*Id.*, ¶ 20].

The Court issued a Scheduling Order on October 31, 2023, setting trial for November 18, 2024.[18] The Scheduling Order required Guillory to offer her witness list to State Farm by May 6, 2024,[19] and to disclose her experts to State Farm by May 16, 2024.[20] The discovery completion deadline was set for June 5, 2024.[21] The dispositive motion deadline was set for July 19, 2024.[22]

After missing those deadlines, Guillory filed a Motion seeking leave to file her witness list, designated expert reports, expert designations, and dispositive motions.[23] State Farm opposed the Motion and simultaneously moved to strike same.[24] State Farm maintained that Guillory's undisclosed witnesses, experts, and exhibits were untimely disclosed and should be excluded from evidence.[25] The Court found that good cause did not exist to grant Guillory's Motion for Leave, and denied it, thereby denying as moot part of State Farm's Motion to Strike.[26] However, the Court granted Guillory the opportunity to respond to State Farm's remaining assertions before granting State Farm's Motion to Strike in full.[27] Guillory did not respond. Thereafter, the Court granted the remainder of State Farm's Motion to Strike.[28]

On July 19, 2024, State Farm filed the instant motion.[29] State Farm asserts that no genuine issue of material facts exists and that it is entitled to partial summary judgment because Guillory cannot submit competent evidence at trial to meet her burden of proof to show that State Farm acted in violation of Louisiana Revised Statutes §22:1982 and §22:1973, or was arbitrary,

---

[18] [Doc. No. 13].
[19] [*Id*.].
[20] [*Id*.].
[21] [*Id*., p. 4].
[22] [*Id*.].
[23] [Doc. No. 42, p. 4].
[24] [Doc. Nos. 45 and 46].
[25] [Doc. No. 45-2, p. 9].
[26] [Doc. No. 48, p. 4-8].
[27] [*Id*., p. 9].
[28] [Doc. No. 50].
[29] [Doc. No. 41].

capricious or without probable cause in its handling of Guillory's Hurricane Laura claim, which would entitle her to penalties or attorney fees.[30]

Guillory disagrees and argues that there is a genuine dispute of material fact that State Farm failed to timely investigate her claim and violated Louisiana Revised Statutes §22:1982 and §22:1973.[31]

The issues have been briefed, and the Court is prepared to rule.

II.   **LAW AND ANALYSIS**

   A.  **Standard for Summary Judgment**

Under FED. R. CIV. P. 56(a), the court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." If the movant meets their initial burden of showing no genuine issue of material fact, "the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (cleaned up). A fact is "material" if proof of its existence or nonexistence would affect the lawsuit's outcome under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "the mere existence of *some* alleged factual dispute will not defeat an otherwise properly supported motion for summary judgement." *Id*. at 247-48. And a dispute about a material fact is "genuine" only if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little*

---

[30] [*Id*.].
[31] [Doc. No. 48].

*v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). So, to rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). But if the evidence is "merely colorable or is not significantly probative," summary judgment is appropriate. *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (cleaned up).

Moreover, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (cleaned up). Courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).

Finally —and importantly— there can be no genuine dispute as to a material fact when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof of trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### B. Louisiana's "Bad Faith" Statutes

Louisiana insurers owe specific duties to their insureds. Two statutes, Louisiana Revised Statutes §22:1982 and §22:1973, impose a duty of good faith and fair dealing on insurers in adjusting and paying claims and provide penalties on those who engage in unfair practices. See *Midland Risk Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 643 So.2d 242, 244 (La. App. 3d Cir.1994).

The conduct prohibited in these statutes "are virtually identical." *See Reed v. State Farm Mut. Auto. Ins. Co.,* 857 So. 2d 1012, 1020 (La. 2003). But to recover penalties under these statutes, the insured has the burden of proving: "(1) that the insurer received a satisfactory proof of loss, (2) that the insurer failed to pay the claim within the applicable statutory period, and (3) that the insurer's failure to pay was arbitrary and capricious." *Grilleta v. Lexington Ins. Co.*, 558 F.3D 359, 368 (5th Cir. 2009) (cleaned up).

To show a "satisfactory proof of loss," the insured must "provide the insurer sufficient information to act on the claim." *Id*. (cleaned up). In other words, proof of loss is the "point in time when the insurer has adequate knowledge of the loss." *Cotton Bros. Baking Co. v. Indus. Risk Insurers*, 941 F.2d 380, 386 (5th Cir. 1991) (cleaned up). And the Louisiana Supreme Court has equated the phrase "arbitrary, capricious, and without probable cause" to "vexatious" and determined that an insurer acts in that capacity when "its willful refusal of a claim is not based on a good faith defense." *Louisiana Maint. Servs., Inc. v. Certain Underwriters at Lloyd's of London*, 616 So. 2d 1250, 1253 (La. 1993). So "statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Reed*, 857 So.2d at 1021 (internal citations omitted).

Of course, whether an insurer is "vexatious" is a factual issue. *See Grilleta* 558 F.3D at 368. And summary judgment is inappropriate when there is a question about the underlying reasonableness of the insurer's refusal to pay. *Hartenstein v. State Farm Fire and Cas. Ins. Co., No. 07–4594*, 2008 WL 2397713, at *3 & n. 22 (E.D. La. June 10, 2008) (Africk, J.) (denying motion for summary judgment when the plaintiff's pre-litigation expert presented insurer with information that contradicted the insurer's expert report and created fact issue regarding the reasonableness of the insurer's conduct).

6

But if the insurer seeks summary judgment on a statutory penalties issue—an issue the insured will bear the burden of proof at trial—the insured must offer some evidence in support of their bad faith claim to survive summary judgment. *Barnes v. Com. & Indus. Ins. Co.*, No. CIV.A. 11-0041, 2013 WL 211271 (W.D. La. Jan. 18, 2013), *vacated on other grounds*, No. CV 11-0041, 2013 WL 12192380 (W.D. La. Jan. 22, 2013); *Gates v. Auto Club Family Ins. Co.*, No. 06–4394, 2007 WL 1464259, at *3 (E.D. La. May 17, 2007) (Vance, J.) (granting summary judgment when plaintiffs failed to submit any facts indicating that the insurer's conduct was vexatious).

Finally, the duties imposed on insurers under La. R.S. §22:1892 and §22:1973 continue "throughout the litigation period…" *Sher v. Lafayette Ins. Co.*, 988 So. 2d 186, 199 (La 2008). Therefore, the Court will examine whether State Farm acted with bad faith both before and once litigation commenced.

### C. Before Litigation

State Farm will be liable for penalties under La. R.S. §22:1892 and §22:1973 if Guillory shows that (1) State Farm received satisfactory proof of loss, (2) State Farm failed to pay the claim within the applicable statutory period, and (3) State Farm's failure to pay was arbitrary and capricious.

Guillory alleges that State Farm had notice of the loss *prior* to the lawsuit's commencement.[32] To support this theory, Guillory relies on AT&T cellular data to show that she reported her claim to a State Farm agent.[33] But this Court has already rejected Guillory's attempt to submit her untimely disclosed cellular data and witness list, which would include any AT&T representatives or any State Farm agent to whom Guillory allegedly spoke.[34] Nor did Guillory

---

[32] [Doc. No. 22-1, ¶ 7-9].
[33] [Doc. No. 48, p. 6].
[34] [Doc. No. 47, p. 4]; [Doc. No. 50, p. 3].

7

timely submit any evidence through affidavits or sworn testimony from any witnesses to support its showing. In fact, through one of the few pieces of evidence timely provided – Guillory's deposition – she testified that she never notified the State Farm agent of her loss.[35]

In plain terms, this Court will not permit Guillory to use contradicted and inadmissible evidence to prove that State Farm had notice of her claim. For those reasons, Guillory did not to satisfy her burden of demonstrating the existence of a genuine dispute as to any alleged violation occurring before the commencement of litigation.

Therefore, State Farm's Motion is **GRANTED** to the extent it seeks to dismiss any bad faith claims arising prior to the lawsuit's commencement.

### D. Litigation

The parties disagree as to which moment of the litigation period State Farm received sufficient information of Guillory's loss. It is clearly undisputed that State Farm is aware of Guillory's loss now, but at this procedural posture, and to survive a motion for summary judgment, Guillory must still provide facts to show that State Farm's failure to pay for the losses was "arbitrary and capricious" rather than based on a good-faith defense. *See Reed*, 857 So.2d at 1021 (internal citations omitted). Again, Guillory fails to make this showing.

At the heart of Guillory's bad faith claim is that State Farm did not physically visit her property soon enough.[36] Although State Farm eventually sent inspectors to the property,[37] Guillory argues that it was too little, too late. State Farm's duty of good faith required it to investigate Guillory's claim promptly. *See* La. R.S. § 22:1892(A)(3). So, Guillory asserts that State Farm's

---

[35] [Doc No. 41-26; *Deposition of Bridgette Guillory at p. 174:3-11*]. Guillory later contradicts her own testimony without explanation through an affidavit. *See* [Doc. No. 48-4; *Affidavit of Bridgette Guillory*]. But "a plaintiff may not manufacture a genuine issue of material fact by submitting an affidavit that impeaches prior testimony without explanation." *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000).
[36] [Doc. No. 48, p. 18].
[37] [*Id.*, p. 19].

alleged failure to *inspect the home physically* is equivalent to *failing to investigate the claim*. But Guillory provides insufficient legal authority to support this extension of the statute's requirements.

Guillory first relies on *Gibson v. Allstate Insurance Company*, where an insurance adjuster investigated the plaintiff's claim entirely through phone calls and relied nearly exclusively on an investigation conducted by the local police department. 832 So. 2d 1209, 1216 (La. App. 3 Cir. 12/11/02). It is true that, like the insurance company in *Gibson*, State Farm did not rely on a physical inspection of the home for its investigation. But the similarities stop there. The appellate court in *Gibson* affirmed the trial court's finding that Allstate acted in bad faith, not because it never visited the plaintiff's home, but because the insurance company spent more time attempting to defeat the claim through "clear misrepresentations" than trying to investigate it. *Id*. at 1214 (cleaned up). The court was "troubled most by the lack of effort" on Allstate's part, which did no more than hope that the local police would investigate the claim for them. *Id*. A police investigation that never happened. *Id*.

The same cannot be said about State Farm. This Court already held that State Farm sent Guillory multiple requests for information regarding her damages, participated in a mediation where it sought more information regarding her claim, purchased satellite photos of her home, sent subpoenas to get more information regarding damage estimates, and scheduled a deposition for Guillory.[38] In other words, unlike the insurers in *Gibson*, State Farm took active steps to gather substantive information regarding the basis of Guillory's claim and the extent of her damages.[39]

---

[38] [Doc. No. 38, p. 12-13].
[39] Guillory also relies on *Morell v. Fisher*, 7 So. 3d 1264 (La. App. 3 Cir. 4/1/09). In *Morell*, the court concluded that "defendants failed to offer any proof to indicate that [insurers] took any steps to evaluate [insured's] claim." *Id*. at 1269. However, this Court has already distinguished *Morell* from the present case on the basis that State Farm took clear steps to demonstrate an attempt to investigate. *See* [Doc. No. 38, p. 13].

9

Nor does Guillory provide any evidence to demonstrate that State Farm's actions were arbitrary or capricious or reaching the level of "vexatious." Guillory primarily highlights the three-year gap between Hurricane Laura and when State Farm finally stepped foot on Guillory's property. But as already stated, Guillory has not provided evidence that State Farm had notice of the claim before litigation began. Instead, the admitted evidence thus far has shown that State Farm attempted to gather information regarding the claim after Guillory filed suit.

In sum, Guillory failed to specifically allege facts that show arbitrary or capricious behavior on the part of State Farm. The Court finds no evidence that State Farm unreasonably delayed conducting its investigation, and it further finds that State Farm demonstrated its good faith in seeking additional information once it became aware of Guillory's claim. Additionally, State Farm has clearly shown that it had legitimate questions about the extent and causation of Guillory's claim. It has repeatedly (but unsuccessfully) sought to gather information from Guillory about her claim.

Therefore, summary judgment is appropriate here because Guillory has not met her burden of proof showing that State Farm's conduct was arbitrary and capricious.

### III. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion for Partial Summary Judgment Motion [Doc. No. 41] is **GRANTED**, and Plaintiff's claims under LA R.S. 22:1892 and 22:1973 are **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 28th day of August, 2024.

_____
Terry A. Doughty
United States District Judge

MONROE, LOUISIANA, this 28th day of August, 2024.

_____
Terry A. Doughty
United States District Judge